JUSTICE SHEA,
concurring.
¶36 I concur fully in the Court’s Opinion. I write separately only to address Sheehan’s attempt to conflate the circumstances that gave rise to his prosecution for felony theft with the process by which injured workers legitimately receive TTD benefits, and the legitimate process by which those benefits may be terminated or converted. In my view, our rejection of Sheehan’s argument reflects nothing more than a rejection of that conflation. It thus bears reemphasizing that Sheehan’s criminal liability had nothing to do with the mandatory statutory process by which his TTD benefits were terminated. Rather, as the Court correctly emphasizes, it had to do with the manner by which a rational trier of fact could have found Sheehan obtained those benefits during the period charged—that being, by means of deception or fraud. Absent evidence that Sheehan purposely or knowingly obtained the *231 benefits by means of deception or fraud, there would have been no basis for a criminal charge. Opinion, ¶ 24.
¶37 As the Court correctly notes, when an injured worker is awarded TTD benefits, certain criteria must be met before those benefits may be terminated or converted. Opinion, ¶ 25. These statutory criteria are intended to ensure that a worker’s TTD benefits are not terminated or converted without adequate investigation into the worker’s physical and vocational limitations and his ability to return to work. They are not, as Sheehan’s defense would suggest, a grant of immunity from criminal liability. As the Court correctly notes, if we were to accept Sheehan’s interpretation of the statute, it would lead to an absurd result. Opinion, ¶ 25. I concur.